STATE v. MARTIN LUTHER BARRIER.

(Filed 7 April, 1948.)

**1. Criminal Law § 51—**

The trial court has discretionary power to withdraw a juror and order a mistrial and continue the case.

**2. Automobiles § 34b: Criminal Law § 60b—**

Where, in a prosecution for driving while under the influence of intoxicants, the court withdraws a juror and orders a mistrial and continues the case, the court is without authority to order that defendant's right to drive an automobile upon the highways be revoked for the period of continuance.

APPEAL by defendant from *Pittman, J.,* at October Term, 1947, of CABARRUS.

Criminal prosecution begun in County Recorder's Court of Cabarrus County charging defendant with the offense of operating a motor vehicle upon a public highway while under the influence of intoxicating liquor in violation of C. S., 4506, heard in Superior Court on appeal thereto from judgment of Recorder's Court.

In the course of the trial in the Superior Court the trial judge entered a judgment in which, after making certain findings, it is ordered that "in the interest of public safety . . . a juror be withdrawn, a mistrial ordered, and this case be continued for a period of two years, and that the defendant, Martin Luther Barrier, not to be allowed to drive an automobile on the highways of the State of North Carolina or on the streets

of any town or city in the State of North Carolina for a period of two years; that an automobile license not be issued to him for the ownership of a car, and that after this two years expires, that before the State Highway and Public Works Commission and the Motor Vehicle Bureau issue any license or permit to drive after the period of two years has expired, they shall have a certificate from the Chief Surgeon or doctor in charge of the mental department of the mental hospital of the Veterans Administration stating that this defendant, Martin Luther Barrier, has fully recovered and is able to walk in a normal manner; that he is not incapacitated in any way; that he does not have fits or seizures of any type, and that he is well and able to drive an automobile as well as any normal person."

Defendant excepted to the order and appeals to the Supreme Court, and assigns error.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*E. T. Bost, Jr., for defendant, appellant.*

PER CURIAM. While so much of the judgment, from which the appeal is taken, as withdraws a juror, orders a mistrial and continues the case, is within the legal authority of the trial judge, the remaining part of it which follows is in excess of his legal authority, and is hereby stricken out. The Attorney-General for the State concedes error.

The cause is remanded to the Superior Court of Cabarrus County for further proceedings.

Error and remanded.